UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FREEDOM MORTGAGE CORPORATION,

                      Plaintiff,                   **REPORT AND RECOMMENDATION**

    -against-                                        18-cv-3306 (ADS)(SIL)

NICCA JETT, BANK OF AMERICA, N.A.
SUCCESSOR BY MERGER TO BANK OF
AMERICA, F.S.B., NASSAU COUNTY CLERK

                      Defendants.
----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

       Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff Freedom Mortgage Corporation's ("Plaintiff" or "Freedom Mortgage") Motion for Default Judgment and Judgment of Foreclosure and Sale. *See* Docket Entry ("DE") [14]. By way of a Complaint filed on June 6, 2018, Plaintiff commenced this diversity action against Defendants Bank of America, N.A., successor by merger to Bank of America, F.S.B. ("Bank of America"), Nicca Jett ("Jett") and Nassau County Clerk ("County Clerk") (collectively, "Defendants"), seeking, among other things, to foreclose on its mortgage encumbering the property located at 2697 Milburn Avenue, Baldwin, New York 11510 (the "Subject Property"). *See* Complaint ("Compl."), DE [1]. After Defendants failed to appear or otherwise defend this action, the Clerk of the Court entered default against them on July 20, 2018. *See* DE [11]. On September 19, 2018, Freedom Mortgage filed the

1

instant motion, which Judge Spatt referred to this Court for a recommendation as to whether Plaintiff has demonstrated that the allegations in the Complaint establish Defendants' liability such that the motion should be granted, and if so, to determine the appropriate remedies. *See* Electronic Order dated September 20, 2018. For the reasons set forth herein, it is respectfully recommended that Freedom Mortgage's motion be granted in part and denied in part and that Plaintiff be awarded damages and additional relief as described below.

## I. BACKGROUND

On or about August 14, 2017, Jett executed and delivered a note (the "Note") to United Northern Mortgage Bankers, LTD ("United Northern") by which she promised to pay the principal amount of $399,628.00 in connection to the Subject Property plus interest on any unpaid amount due. *See* Certificate of Merit Pursuant to N.Y. C.P.L.R. § 3012-B ("Certificate of Merit"), DE [1-2], Exhibit ("Ex.") A[1]; Compl. ¶ 10. On the same date, Jett duly executed and delivered a mortgage (the "Mortgage") in the amount of $399,628.00 to secure payment pursuant to the Note. *See* Certificate of Merit, Ex. A; Compl. ¶ 11. The Mortgage was recorded with the Nassau County Clerk on August 21, 2017 in Liber number 42322 of Mortgage Page 394. *Id.* On April 13, 2018, Mortgage Electronic Registration Systems, Inc., as nominee for United Northern assigned the Mortgage to Freedom Mortgage. *Id.* The Mortgage was

---

[1] The Certificate of Merit is also attached, together with the Note, Mortgage and Corporate Assignment of Mortgage filed by Plaintiff, as Exhibit B to the Plaintiff's Declaration in Support of Motion for Default Judgment and Judgment of Foreclosure and Sale ("Plaintiff's Declaration"), DE [15].

recorded in the Nassau County Clerk's Office on June 20, 2018 in Liber number 42900 of Mortgage Page 365. *See* Plaintiff's Declaration ¶ 3, Ex. H (Affidavit of Plaintiff) ¶ 6.

Due to her failure to make the payment due on December 1, 2017 and all payments due thereafter in accordance with the terms of the Note and the Mortgage, Jett defaulted on both instruments. *See* Plaintiff's Declaration ¶ 4; Compl. ¶ 12. On December 14, 2017, Freedom Mortgage mailed Jett a demand letter in accordance with the terms of the Mortgage and a ninety-day notice as required by New York Real Property Actions and Proceedings Law ("RPAPL") § 1304, but Jett did not cure the default. *See* Plaintiff's Declaration, Ex. H (Affidavit of Plaintiff) ¶ 8.

By way of Complaint filed on June 6, 2018, Plaintiff commenced this action against Defendants, seeking, among other things: (i) judgment determining the amount due to Freedom Mortgage, including principal, interest and various expenses; and (ii) appointment of a referee (the "Referee") to sell the Subject Property at auction to the highest bidder. At the time Plaintiff filed the Complaint, Jett owed a principal balance of $398,474.48, with interest accruing from November 1, 2017, as well as late fees, taxes and certain other costs. *See* Compl. ¶ 13. The Clerk of the Court issued the Summons as to Defendants on June 6, 2018. *See* DE [5].

On June 13, 2018, Freedom Mortgage filed a Notice of Pendency in the Nassau County Clerk's Office pursuant to N.Y. C.P.L.R. § 6501 and RPAPL § 1331. *See* Plaintiff's Declaration ¶ 6, Ex. C. Plaintiff effectuated service of the Summons and Complaint upon Defendants and mailed Jett a copy of the Summons, in accordance

with N.Y. C.P.L.R. § 3215(g)(3)(iii), on June 14, 2018. *See* Plaintiff's Declaration ¶ 7, Ex. D. Defendants failed to timely answer, move or otherwise respond to the Complaint. *See id.* at ¶ 9. Accordingly, at Freedom Mortgage's request, the Clerk of the Court entered default against Defendants on July 20, 2018. *See* DE [11]; Plaintiff's Declaration ¶ 10, Ex. E.

On September 19, 2018, Plaintiff filed the instant motion, which seeks, among other relief: (i) a default judgment against Defendants; (ii) foreclosure and sale of the Subject Property; (iii) appointment of Kimberly D. Lerner, Esq. as Referee to sell the Subject Property in accordance with RPAPL § 1351; and (iv) a damages award in the amount of $416,784.44, plus additional pre- and post-judgment interest. *See* Memorandum of Law in Support of Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. § [sic] 55 ("Plaintiff's Memorandum"), DE [16], 8; Plaintiff's Declaration, Ex. I, Ex. J. Freedom Mortgage further alleges that Bank of America and Nassau County Clerk claim an interest or a lien in the Subject Property that is prior and adverse to Plaintiff's mortgage, and thus also moves for a judgment discharging the prior and adverse liens on the Subject Property pursuant to RPAPL, Article 15. *See* Compl. ¶¶ 18-23.

## II. DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the

4

Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, No. 14-cv-4657, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2,*

5

*Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

## III. DISCUSSION

### A. <u>Liability</u>

Under New York law,[2] a plaintiff seeking to foreclose upon a mortgage must demonstrate "the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment" on the loan secured by the mortgage. *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing *Campaign v. Barba*, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). Thus, the plaintiff establishes a *prima facie* entitlement to judgment once it submits the mortgage, the unpaid note and evidence of the default, and the burden then shifts to the defendant to rebut the plaintiff's evidence. *Id.* at 414-15; *see also United States v. Estate of Callard*, No. 11-cv-4819, 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017), *report and recommendation adopted sub nom.* No. 11-cv-4819, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.").

Here, the allegations in the Complaint and the documentary evidence submitted in support of the instant motion establish that Freedom Mortgage is entitled to default judgment against Jett. Plaintiff has produced copies of the

---

[2] The Mortgage contains a choice of law clause, which provides that "[t]his Security Instrument is governed by federal law and the law of New York State." Mortgage § 15.

6

Mortgage and the Note, thereby demonstrating Jett's obligations arising thereunder. *See* Plaintiff's Declaration, Ex. B. The assignment dated April 13, 2018 confirms Freedom Mortgage's ownership of the Mortgage. *See id.*; Compl. ¶ 11. Moreover, the Note provides that Jett will be in default if she does "not pay the full amount of each monthly payment on the date it is due . . .[,]" Note § 6.B., and the Mortgage requires Jett to "pay to [Plaintiff] on time principal and interest due under the Note . . .[,]" Mortgage § 1. Finally, Freedom Mortgage alleges that Jett defaulted on the Note and Mortgage on December 1, 2017 and failed to cure her default despite Plaintiff's notice of default. *See* Plaintiff's Declaration ¶ 4; Compl. ¶ 12. Because Jett neither answered Freedom Mortgage's Complaint nor opposed the instant motion, she has failed to rebut Plaintiff's *prima facie* showing that it is entitled to a default judgment. The Court therefore recommends that Freedom Mortgage's motion for default judgment against Jett be granted.

Further, Plaintiff has established that it is entitled to default judgment against Bank of America and the County Clerk. Freedom Mortgage named these two non-mortgagor defendants in this action alleging that, upon information and belief, they have an interest in or lien upon the Subject Property that is prior and adverse to Plaintiff's mortgage. *See* Compl. ¶¶ 18-23. Specifically, Freedom Mortgage alleges that the records of the County Clerk indicate that Bank of America holds a lien on the Subject Property which was recorded on July 21, 1994 in Liber number 16443 of Mortgage Page 592 and assigned to Bank of America by an assignment dated January

7

16, 1996 and recorded on June 13, 1996 in Liber Number 17405 of Mortgage Page 796. *See* Compl. ¶ 19; Plaintiff's Declaration, Ex. G, Ex. J.

RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. Real Prop. Acts. Law § 1311. "This rule derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-cv-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (internal quotation marks and citation omitted). The entry of a default judgment under Fed. R. Civ. P. 55 is appropriate where the complaint alleges "nominal liability,"—*i.e.,* that any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien. *Id.*; *see also Christiana Bank & Tr. Co. v. Dalton*, No. 06-cv-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009).

Here, the Complaint contains well-pleaded allegations of nominal liability on the part of Bank of America and the County Clerk. Although Freedom Mortgage properly served Bank of America and the County Clerk, they did not answer or otherwise respond to the Complaint and therefore have failed to rebut Plaintiff's *prima facie* showing that it is entitled to a default judgment. Moreover, Defendant Bank of America disclaimed its interest in this action on August 9, 2018. *See* DE [12].

8

Accordingly, the Court recommends that Freedom Mortgage's motion for default judgment against Bank of America and the County Clerk be granted.

### B. **Damages and Remedies**

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. Appx. 28, 31 (2d Cir. 2014). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Freedom Mortgage seeks $416,784.44 in damages, plus additional interest accrued after November 1, 2017. Damages alleged include: (i) the total amount due on the Note through August 12, 2018 of $414,746.06; (ii) $2,038.38 in fees and disbursements; and (iii) an unspecified amount in attorney's fees. *See* Plaintiff's Declaration, Ex. I; *see also* Plaintiff's Memorandum, 7-8. Plaintiff also moves for entry of a proposed Judgment of Foreclosure and Sale permitting it to foreclose upon and sell the Subject Property at auction. *See id.* at Ex. J.

1. Total Amount Due on the Note

Freedom Mortgage seeks to recover the total amount due on the Note, which includes: (i) the unpaid principal balance of $398,474.48 (the "Unpaid Principal

Balance"); (ii) $12,434.60 in interest from November 1, 2017 to August 12, 2018 at a rate of 4.000%, along with interest at the same rate until judgment is entered, and at the statutory rate thereafter; (iii) pre-acceleration late charges of $534.17; (iv) advances for hazard insurance of $1,655.82; (v) advances for taxes of $2,735.02; and (vi) advances for property inspections and preservation of $105.00. *See* Plaintiff's Declaration, Ex. I.

    *i.    Unpaid Principal Balance*

Pursuant to the terms of the Note, Jett promised to pay Freedom Mortgage a total of $399,628.00 in principal. *See* Compl. ¶ 10; Note § 1. The Note further provides that Plaintiff may, in the event of a default, require Jett to pay the full amount of outstanding principal within "[thirty] days after the date on which [] notice is mailed to [her] or delivered by other means." Note § 6(C). In support of the instant motion, Freedom Mortgage submits an affidavit (the "Affidavit of Plaintiff") executed by Erica D. Tracy, a Specialist at Freedom Mortgage with "personal knowledge of the operation of and the circumstances surrounding the preparation, maintenance, distribution, and retrieval of records in [P]laintiff's record keeping systems." Plaintiff's Declaration, Ex. H (Affidavit of Plaintiff) ¶¶ 1-2. According to the Affidavit of Plaintiff, at the time of Jett's default on December 1, 2017, the Unpaid Principal Balance on the Note was $398,474.48. *See id.* at ¶¶ 7, 10. That amount became due on January 13, 2018, thirty days after Plaintiff mailed Jett notice of her default. *See id.* at ¶ 8; Note § 6(C); *see also* Mortgage § 22(a) (permitting Freedom Mortgage to, upon Defendant's default, require "immediate payment in full of all sums secured by

10

this [Mortgage]"). Plaintiff's allegations and the documentation submitted similarly establish that after Jett's initial default, she did not make any further payments to reduce the Unpaid Principal Balance. *See* Plaintiff's Declaration, Ex. H (Affidavit of Plaintiff) ¶ 7; Compl. ¶ 12. Therefore, the Court recommends that Freedom Mortgage be awarded $398,474.48 to recover the Unpaid Principal Balance against Jett.

    ii.    *Interest*

The terms of the Note also provide that interest accrues on the outstanding principal balance at an annual rate of 4.000% both before and after default. *See* Note § 2. The documentary evidence submitted by Plaintiff establishes that Jett failed to make the payment due on December 1, 2017 and all subsequent payments. *See* Plaintiff's Declaration, Ex. H (Affidavit of Plaintiff) ¶ 7. Applying the Note's 4.000% annual interest rate to the $398,474.48 Unpaid Principal Balance, interest accrues at a rate of $43.67 per day. As of the date of this Report and Recommendation, Jett has failed to pay 568 days of accrued interest since November 1, 2017. The Court therefore recommends that Freedom Mortgage be awarded $24,803.67 to recover unpaid interest through the date of this Report and Recommendation. The Court further recommends that Plaintiff be awarded $43.67 per day interest until the date on which judgment is entered. *See E. Sav. Bank, FSB v. McLaughlin*, No. 13-cv-1108, 2015 WL 5657355, at *1 (E.D.N.Y. Aug. 17, 2015) (recommending an award of *per diem* interest in an action for judgment of foreclosure and sale), *report and recommendation adopted*, No. 13-cv-1108, 2015 WL 5664454 (E.D.N.Y. Sept. 24, 2015).

11

In addition, the Court recommends awarding post-judgment interest to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. *See* 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); *Builders Bank v. N. Funding, LLC*, No. 08-cv-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

    *iii.*    *Pre-Acceleration Late Charges*

Next, Freedom Mortgage seeks $534.17 in "Pre-acceleration Late Charges." *See* Plaintiff's Declaration, Ex. I. The Note provides that if a monthly payment is more than fifteen days late, then the borrower must pay a late charge of 4.000% of the amount overdue. Note § 6(A); *see also* Mortgage § 1. However, Plaintiff has failed to provide documentation in support of its request for $534.17 in late charges. Accordingly, the Court recommends that Freedom Mortgage's request for pre-acceleration late charges be denied, with leave to renew upon the submission of supporting documentation. *See E. Sav. Bank, FSB v. Beach*, No. 13-cv-341, 2014 WL 923151, at *11 (E.D.N.Y. Mar. 10, 2014) (recommending award of late charges based on plaintiff's submission of document "provid[ing] a breakdown of all late charges

12

that have accrued since the inception of the loan"); *E. Sav. Bank, FSB v. Bright*, No. 11-cv-1721, 2013 WL 3282889, at *3 (E.D.N.Y. June 27, 2013) (recommending award of late charges "[s]ince the amount requested is supported by the entries on the transaction history submitted").

    iv.   *Advances for Hazard Insurance, Taxes, Property Inspections and Preservation*

Plaintiff also seeks to recover advances totaling $4,495.84, comprised of: (i) $1,655.82 in hazard insurance costs; (ii) $2,735.02 in taxes; and (iii) $105.00 in property inspections and preservation costs. *See* Plaintiff's Declaration, Ex. I. Pursuant to the Mortgage, Jett is responsible for "Escrow Items," which include, among other things, taxes, assessments, leasehold payments and insurance premiums. *See* Mortgage §§ 3(a), 4; *see also* Compl. ¶ 13; Plaintiff's Declaration, Ex. H (Affidavit of Plaintiff) ¶ 11. In addition, Freedom Mortgage may charge Jett "fees for services performed in connection with [her] default, for the purpose of protecting [Plaintiff's] interest in the [Subject] Property and rights" under the Mortgage. Mortgage § 13.

Notwithstanding Freedom Mortgage's right to collect such amounts under the Mortgage, the Court finds that Plaintiff has failed to provide sufficient documentation—such as invoices, receipts or other documentary proof—to substantiate its requests. Rather, Freedom Mortgage submitted only the Affidavit of Plaintiff and the Statement of Damages, both of which assert that advances totaling $4,495.84 are due, without further explanation. Such conclusory allegations are insufficient. *See Onewest Bank, N.A. v. Vaval*, No. 14-cv-3437, 2016 WL 3945342, at

13

\*3 (E.D.N.Y. July 19, 2016) (declining to award judgment for escrow advances where the plaintiff failed to submit adequate documentation supporting the amounts requested). Accordingly, the Court recommends that the application for an award of $5,356.20 for hazard insurance, taxes and property inspections and preservation be denied without prejudice and with leave to renew upon Plaintiff's submission of appropriate supporting documentation.

2. Fees and Disbursements

Freedom Mortgage further seeks a total of $2,038.38 in fees and disbursements, comprised of: (i) the $400.00 filing fee in this action; (ii) $663.38 for "[p]aid for searches"; (iii) $275.00 for service of the Summons and Complaint; (iv) the $345.00 Notice of Pendency filing fee; and (v) the $355.00 tax map verification fee. *See* Plaintiff's Declaration, Ex. I. Both the Note and the Mortgage provide for the recovery of fees, costs and other expenses incurred by Plaintiff in connection with its enforcement of those instruments. *See* Note § 6(E); Mortgage § 18(c).

In this Circuit, reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. *See LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *see also OneWest Bank, NA v. Raghunath*, No. 14-cv-3310, 2015 WL 5772272, at \*7 (E.D.N.Y. Sept. 8, 2015), *report and recommendation adopted sub nom.*, No. 14-cv-3310, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015). The party seeking to recover costs, however, "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at \*8 (E.D.N.Y. Apr. 2, 2015) (internal quotation marks and

14

citation omitted). A party is not entitled to recover costs for which it provides inadequate substantiation. *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) (finding that without underlying documentation of itemized expenses, the Court has "no way of confirming" that costs were incurred by counsel); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-cv-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation).

As an initial matter, the Court takes judicial notice that Freedom Mortgage incurred the $400.00 filing fee in this action. *See* DE [1]; *see also Douyon*, 49 F. Supp. 3d at 352 (taking judicial notice of the filing fee reflected on the docket). Additionally, Plaintiff has submitted invoices from: (i) Alstate Process Service Inc. that sufficiently evidence the $275.00 fee in connection with serving the Summons and Complaint upon Defendant; and (ii) Nassau County Clerk that sufficiently evidence the $345.00 Notice of Pendency filing fee. *See* Plaintiff's Declaration, Ex. C, Ex. I. Freedom Mortgage, however, has failed to substantiate the: (i) $663.38 for "[p]aid for searches"; and (ii) $355.00 tax map verification fee with any documentation. Accordingly, the Court recommends that Plaintiff be awarded $1,020.00 for fees and disbursements, including post-judgment interest thereon pursuant to 28 U.S.C. § 1961(a). The Court further recommends that Plaintiff's application for reimbursement of fees incurred in connection with the paid-for searches and tax map verification be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation.

3. <u>Attorney's Fees</u>

Additionally, Plaintiff seeks to recover an unspecified amount in attorney's fees. *See* Plaintiff's Memorandum, 7-8. In a diversity action, such as the instant matter, state law governs the issue of counsel fee availability. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005) (noting that "[s]tate law creates the substantive right to attorney's fees"). Attorney's fees in mortgage foreclosure actions may only be recovered if they are contractually authorized, as there is no statute in New York providing for the recovery of attorney's fees in such actions. *Vigo v. 501 Second St. Holding Corp.*, 121 A.D.3d 778, 779, 994 N.Y.S.2d 354, 356 (2d Dep't 2014) (internal citation omitted).

Here, both the Note and the Mortgage entitle Freedom Mortgage to recover reasonable attorney's fees in the event Jett defaults and Plaintiff files a lawsuit for foreclosure of the Subject Property. *See* Note § 6(E); Mortgage § 13. However, a contractual provision providing for attorney's fees "may only be enforced to the extent that the amount sought is reasonable and warranted for the services actually rendered." *Vigo*, 121 A.D.3d at 779, 994 N.Y.S.2d at 356 (internal citation omitted). "In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation." *People's United Bank v. Patio Gardens III, LLC*, 143 A.D.3d 689, 691, 38 N.Y.S.3d 262, 264 (2d Dep't 2016) (internal quotation marks and citation omitted).

16

Here, Plaintiff does not specify the amount of attorney's fees requested, nor does Freedom Mortgage provide any bills upon which the Court may rely to determine the amount sought. Accordingly, the Court recommends that Plaintiff's application for attorney's fees be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation.

4. Judgment of Foreclosure and Sale and Appointment of Referee

Finally, Freedom Mortgage seeks a judgment of foreclosure and sale of the Subject Property, which also appoints a Referee to conduct the sale. *See* Plaintiff's Declaration ¶¶ 13-14, Ex. J. A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *OneWest Bank, N.A. v. Denham*, No. 14-cv-5529, 2015 WL 5562980, at *5 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, No. 14-cv-5529, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (internal quotation marks and citation omitted). Courts routinely appoint referees to effectuate the sale of foreclosed properties. *See, e.g., PMB Tech. Servs., LLC v. Mazoureix*, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); *E. Sav. Bank, FSB v. Evancie*, No. 13-cv-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014). Because Plaintiff has established its presumptive right to foreclose upon the Subject Property due to Defendants' default, the Court recommends that a judgment of foreclosure be entered and that Kimberly D. Lerner, Esq. be appointed as Referee to effectuate the sale of the Subject Property. In addition, the Court recommends that the proceeds of the

17

sale be applied to the total amount owed on the Note as set forth above. *See OneWest Bank, N.A. v. Denham*, No. CV 14-5529, 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, No. 14 CV 5529, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (recommending a foreclosure and sale with the proceeds being applied to the outstanding amount owed on the note).

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Freedom Mortgage's motion for default judgment be granted in part and denied in part, and that Plaintiff be awarded against Jett: (i) $398,474.48 for the Unpaid Principal Balance on the Note; (ii) $24,803.67 in accrued interest, plus *per diem* interest of $43.67 until judgment is entered, and post-judgment interest pursuant to 28 U.S.C. § 1961(a); and (iii) $1,020.00 for fees and disbursements in connection with the filing fee in this action, the fee for serving the Summons and Complaint upon Defendants and the Notice of Pendency filing fee. The Court further recommends that Freedom Mortgage's requests for: (i) pre-acceleration late charges; (ii) reimbursement for hazard insurance, taxes, property inspections and preservation; (iii) fees and disbursements in connection with paid-for searches and the tax map verification fee; and (iv) attorney's fees be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation. Finally, the Court recommends that an Order similar to Plaintiff's Proposed Judgment of Foreclosure and Sale, but consistent with this Report and Recommendation, be

entered and that Kimberly D. Lerner, Esq. be appointed Referee to effectuate the sale of the Subject Property.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on each Defendant via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           May 23, 2019

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge